IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOZAY ROYAL, | : | CIVIL ACTION |
| | : | NO. 10-7219 |
| Petitioner, | : | |
| | : | |
| v. | : | **FILED** |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | AUG 0 8 2011 |
| et al., | : | |
| | : | MICHAEL E. KUNZ, Clerk |
| Respondents. | : | By_____Dep. Clerk |

### O R D E R

**AND NOW**, this **5th** day of **August, 2011**, upon careful and independent consideration of the petition for writ of habeas corpus and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, it is hereby **ORDERED** that:

1. The Report and Recommendation (doc. no. 13) is **APPROVED** and **ADOPTED**;

2. Petitioner's objections (doc. nos. 15 and 16) are **OVERRULED**;[1]

---

[1] Petitioner, who is currently incarcerated in New Jersey, seeks habeas relief from a Pennsylvania conviction for which he is no longer serving any sentence. Applying Maleng v. Cook, 490 U.S. 488, 492 (1989), which held that a habeas petitioner does not satisfy 28 U.S.C. § 2254's "in custody" requirement when the sentence imposed for the conviction challenged expires before the filing of the petition, Magistrate Judge Hart recommended that Petitioner's challenge be denied. Petitioner, pointing to Sibron v. New York, 392 U.S. 40 (1968), objects to Magistrate Judge Hart's recommendation, arguing that Maleng v. Cook is inapplicable because his expired conviction has continuing collateral consequences.

Petitioner misunderstands Sibron, which merely held

3. The petition for a writ of habeas corpus (doc. no. 1) is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability;[2]

---

that the collateral consequences stemming from a criminal conviction ensure that a challenge to an expired conviction is justiciable. See Sibron, 392 U.S. at 50. Section 2254's statutory requirement that a habeas petitioner be "in custody" is an entirely different matter which, as Maleng makes clear, bars relief in this case even if Petitioner's challenge can be understood to attack his expired conviction because it enhanced a subsequent sentence for which he is currently in custody. See Maleng, 490 U.S. at 492-93 ("When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'"); see also Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003). And while Petitioner does satisfy the "in custody" requirement with respect to the sentence he is currently serving, his petition and subsequent filings make clear that his petition is solely aimed at the expired conviction—not its impact on any other conviction. Cf. Young v. Vaughn, 83 F.3d 72, 75 (3d Cir. 1996). In any event, the Court agrees with Magistrate Judge Hart that Petitioner's challenge to his expired conviction would be unsuccessful in this forum even if a subsequent conviction could be identified. See Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001); see also 28 U.S.C. § 2241(d).

[2] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make such a showing, "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). Petitioner has not made the requisite showing in this case.

5. This case shall be marked CLOSED.

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

-3-